UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:16-cv-62696-JAL

N'JIE E. JOINVILLE, an individual,

       Plaintiff,

v.

EXPRESS AUTOMOTIVE, INC., a Florida
corporation, and ALAN N. COUTO, an
individual,

       Defendants.
_____/

### MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR ORDER COMPELLING ARBITRATION

Plaintiff, N'Jie E. Joinville, an individual ("Ms. Joinville"), by and through her undersigned attorney, files this her Memorandum of Law in Opposition to the Motion for Order Compelling Arbitration [DE 14] filed herein by Defendants, Express Automotive, Inc., a Florida corporation ("Express Automotive"), and Alan N. Couto, an individual ("Mr. Couto") (collectively, the "Defendants"), and would state as follows:

### I.   LEGAL ARGUMENT

### A.   THE DEFAULT AGAINST DEFENDANTS PRECLUDED THE FILING OF THE MOTION FOR ORDER COMPELLING ARBITRATION WITH THE COURT

The entry of default does not itself resolve a party's liability.  Only a subsequent default judgment will have that effect.  But the entry of default is an important step in the process because, once entry of default is made, the party in default cannot answer or otherwise contest liability.  *See, Moreno v. LG Elecs., USA, Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) [defendant in

1

default cannot raise defenses unless or until default is set aside]; *Kiesgen v. St. Clair Marine Salvage, Inc.*, 724 F.Supp.2d 721, 728 (E.D. Mich. 2010); *Biton v. Palestinian Interim Self-Government Auth.*, 239 F.R.D. 1, 3 (D.D.C. 2006); *Twist Shout Music v. Longneck Xpress, N.P.*, 441 F.Supp.2d 782, 783 (E.D. Tex. 2006).

The Defendants were defaulted.  Until such time as the Court vacates the default, the Defendants do not have the right to file any motions directed to the Complaint of Ms. Joinville. *See, e.g., DeVary v. Countrywide Home Loans, Inc.*, 701 F.Supp.2d 1096, 1101 (D. Minn. 2010); *Luv N' Care, Ltd. v. Babelito, S.A.*, 306 F.Supp.2d 468, 472 (S.D. N.Y. 2004).

### B.  THE DEFENDANTS WERE REQUIRED TO SEEK LEAVE OF COURT TO FILE A DEFENSIVE MOTION OUTSIDE THE TIME PERIOD SET FORTH IN THE EXTENSION ORDER

On January 3, 2017, this Court entered an Order granting Defendants' Unopposed Motion for Extension of Time to Respond to Complaint [DE 7] ("Extension Order").  Pursuant to the Extension Order, the Court directed Defendants to respond to the Complaint by January 6, 2017. As the Defendants failed to timely comply with the Extension Order, Defendants would necessarily have to establish "excusable neglect" under Rule 6(b)(1)(B) to extend the time for such a filing.  No such showing has been made.

### II.  CONCLUSION

For the foregoing reasons, Plaintiff, N'Jie E. Joinville, an individual, respectfully requests this Court deny the Motion for Order Compelling Arbitration or, alternatively, strike said application as being filed without leave of Court, and for such other and further relief as justice may require.

        */s/ Robert W. Murphy*
        ROBERT W. MURPHY
        Florida Bar No. 717223
        1212 S.E. 2nd Avenue
        Fort Lauderdale, Florida 33316
        (954) 763-8660 Telephone
        (954) 763-8607 Fax
        Email: rphyu@aol.com;
        rwmurphy@lawfirmmurphy.com
        Counsel for Plaintiff

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on February 2, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on: Daniel Devine, Esquire, Santucci Priore, P.L., 200 South Andrews Avenue, Suite 100, Fort Lauderdale, Florida 33301, telephone: (954) 351-7474, email: ddevine@500law.com, counsel for Defendants, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

        */s/ Robert W. Murphy*
        Attorney