UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:16-cv-62696-JAL

N'JIE E. JOINVILLE, an individual,

        Plaintiff,

v.

EXPRESS AUTOMOTIVE, INC., a Florida
corporation, and ALAN N. COUTO, an
individual,

        Defendants.
                                       /

**MOTION FOR REHEARING AND/OR RECONSIDERATION
OF DISMISSAL WITH PREJUDICE AND REQUEST FOR
ENTRY OF ORDER STAYING PROCEEDING**

Plaintiff, N'Jie E. Joinville, an individual ("Ms. Joinville"), by and through her undersigned attorney, respectfully moves this Court for a rehearing and/or reconsideration of the Order Granting Defendants' Motion to Set Aside Clerk's Default (D.E. 13), Denying as Moot Plaintiff's Motion for Entry of Final Judgment after Default (D.E. 12), and Granting Defendants' Motion for Order Compelling Arbitration (D.E. 18) ("Dismissal Order"), entered herein on May 12, 2017. Plaintiff respectfully requests that the Court stay the instant action pending the arbitration proceeding as opposed to entry of a dismissal with prejudice, and in support would show as follows:

1.     On November 15, 2016, Ms. Joinville filed the instant action against Defendants, Express Automotive, Inc., a Florida corporation ("Express Automotive"), and Alan N. Couto, an

1

individual (collectively, the "Dealership"), for recovery of damages under the Federal Odometer Act, 49 U.S.C. §32701 ("Odometer Act") and pendant state law claims.

2. On January 1, 2017, the Clerk entered a Default against the Dealership as a result of the failure of Defendants to answer or respond to the Complaint (D.E. 9).

3. On January 18, 2017, Ms. Joinville filed her Motion for Entry of Final Judgment after Default (D.E. 12).   Shortly thereafter, Defendants filed a Motion to Set Aside Default (D.E. 13) and Motion for Order Compelling Arbitration (D.E. 14).

4. After full briefing by the respective parties, on May 12, 2017, this Court entered an Order Granting Defendants' Motion to Set Aside Clerk's Default (D.E. 13), Denying as Moot Plaintiff's Motion for Entry of Final Judgment After Default (D.E. 12), and Granting Defendants' Motion for Order Compelling Arbitration (D.E. 18) (D.E. 24).

5. Pursuant to the Dismissal Order, the Court granted *inter alia* the Motion to Compel Arbitration, and dismissed with prejudice the claims of Ms. Joinville.

6. While Ms. Joinville does not seek rehearing of the Dismissal Order with respect to the findings of the Court with respect to compelling arbitration, Ms. Joinville would submit that dismissal with prejudice would be prejudicial to Ms. Joinville and contrary to the directives of the Federal Arbitration Act.   In particular, counsel for Ms. Joinville has previously represented consumer plaintiffs before the American Arbitration Assocation ("AAA") in cases substantially the same as the instant matter.   Based on the experience of counsel for Ms. Joinville, a significant number of arbitration proceedings filed against used car dealerships have been dismissed by the AAA for reasons connected with the refusal of the dealerships to comply with the requirements of the AAA.

7. In support of the instant motion, Plaintiff has filed the Declaration of Robert W. Murphy ("Murphy Declaration").

8. In light of the potential for the AAA to refuse to arbitrate the claims of Ms. Joinville against the Dealership, it is respectfully submitted that it is in the interest of justice that the Court stay the instant action pending arbitration as opposed to an outright dismissal with prejudice to afford the opportunity for Ms. Joinville to return to this Court to seek *inter alia* enforcement order or, alternatively, a finding that the Dealership has otherwise waived its right to compel arbitration through its conduct.

## LEGAL ARGUMENT

The FAA provides, in pertinent part, that a court compelling arbitration "shall on application of one or more of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. §3 (emphasis added). There is no statutory reference to dismissal. *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992); *see, also, Albert v. Nat'l Cash Register Co.*, 874 F.Supp. 1328 (S.D. Fla. 1994) [staying arbitration claims]; *Craig v. Total Quality Logistics, LLC,* 2017 WL 1533840 (N.D. Fla. January 30, 2017).

As detailed in the Murphy Declaration, there is a substantial likelihood that the AAA will refuse to adjudicate the claims of Ms. Joinville as a result of the past or future conduct of the Dealership (Murphy Declaration - ¶¶6-7). While Ms. Joinville hopes that Express Automotive will meaningfully participate in the arbitration proceeding, in the event Express Automotive refuses to pay the mandated arbitration fees or to otherwise comply with the Rules of the

American Arbitration Association, Ms. Joinville will have no recourse if the Court does not retain jurisdiction through entry of an order of stay.

WHEREFORE, Plaintiff, N'Jie E. Joinville, an individual, respectfully moves this Court for a rehearing and/or reconsideration of the Order Compelling Arbitration, and for such other and further relief as justice may require.

## CERTIFICATION OF ATTORNEY

THE UNDERSIGNED ATTORNEY, pursuant to Rule 7.1(a)(3), Local Rules of the United States District Court, Southern District of Florida, hereby certifies that he has conferred with opposing counsel in a good faith attempt to resolve the issues raised in this Motion and that the parties have been unable to agree to the resolution of the Motion.

*/s/ Robert W. Murphy*
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
Email: rphyu@aol.com;
rwmurphy@lawfirmmurphy.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 22, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on: Daniel Devine, Esquire, Santucci Priore, P.L., 200 South Andrews

Avenue, Suite 100, Fort Lauderdale, Florida 33301, telephone: (954) 351-7474, email: ddevine@500law.com, counsel for Defendants, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

                                              */s/ Robert W. Murphy*
                                              Attorney